**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| HAROLD D. ISAAC,            ) | |
| )                            | |
| Plaintiff,         ) | |
| v.                           ) | |
| )                            | No. 4:24-cv-01432-SEP |
| POTOSI CORRECTIONAL CENTER,  ) | |
| )                            | |
| Defendant.         ) | |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff Harold D. Isaac's Motion for Injunctive Relief, Doc. [1], which the Court construes as a civil rights complaint under 42 U.S.C. § 1983. The complaint was not submitted on the required form, and Plaintiff has neither paid the required filing fee nor sought leave to proceed without prepaying fees or costs. Plaintiff will have an opportunity to cure these deficiencies.

### INSTRUCTIONS FOR AMENDING THE COMPLAINT

Plaintiff must file an amended complaint on the enclosed "Prisoner Civil Rights Complaint" form within thirty (30) days of the date of this Order. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms[.]"). The amended complaint must comply with the following instructions:

1. **Form and Legibility**: Plaintiff shall type or neatly print the amended complaint. If handwritten, the writing must be legible.

2. **Caption**: In the "Caption" section, Plaintiff must:
   - Provide the case number as it appears on this Order.
   - List the full names of all individuals or entities he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]").

3. **Statement of Claim**: The "Statement of Claim" section must include:
   - A short and plain statement of the factual allegations supporting each claim, as required by Fed. R. Civ. P. 8(a).
   - Separate, numbered paragraphs, with each paragraph addressing a single set of circumstances. *See* Fed. R. Civ. P. 10(b).

- A clear explanation of how each defendant's actions or omissions violated Plaintiff's rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) ("The essential function of a complaint . . . is to give the opposing party fair notice of the nature and basis or grounds for a claim . . . .").
- Facts establishing each defendant's personal involvement in the alleged violations. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").
- Specific factual allegations, rather than conclusory statements or formulaic recitations of legal elements. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))).

4. **Capacity**: Plaintiff shall specify whether he sues each defendant in their individual capacity, official capacity, or both.
5. **Joinder**: If Plaintiff names multiple defendants, he may only assert claims that (1) arise out of the same transaction or occurrence, and (2) involve a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be filed as separate lawsuits. However, if Plaintiff names only a single defendant, he may assert as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).
6. **Effect**: The amended complaint will completely replace the original complaint. Any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).
7. **Signature**: Plaintiff must fully complete and sign the amended complaint in compliance with Rule 11 of the Federal Rules of Civil Procedure.

## FILING FEE

Congress has mandated that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may assess an initial partial payment for prisoners who demonstrate an inability to pay. § 1915(b)(1).

Plaintiff has neither paid the $405 filing fee nor sought leave to proceed without prepaying fees or costs.  The Court will order Plaintiff to either pay the filing fee or return the enclosed application within thirty (30) days of the date of this Order.  *See* E.D. Mo. L.R. 2.01(B).  If Plaintiff opts to return the application, he shall also provide a certified copy of his inmate account statement for the six months immediately preceding the filing of his complaint.  *See* 28 U.S.C. § 1915(a)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to Plaintiff a copy of the Court's "Prisoner Civil Rights Complaint" form (MOED-0036) and the Court's "Application to Proceed in District Court Without Prepaying Fees or Costs" form (MOED-0046).

**IT IS FURTHER ORDERED** that Plaintiff shall complete the "Prisoner Civil Rights Complaint" form and return it to the Court **within thirty (30) days** of the date of this Order.  The amended complaint must comply with the instructions set forth herein.

**IT IS FINALLY ORDERED** that **within thirty (30) days** of the date of this Order, Plaintiff shall either pay the $405 filing fee or return a fully completed "Application to Proceed in District Court Without Prepaying Fees or Costs."  If Plaintiff opts to return the application, he shall also provide a certified copy of his inmate account statement for the six months immediately preceding the filing of his complaint.  *See* 28 U.S.C. § 1915(a)(2).

Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

Dated this 8th day of April, 2025.

SARAH E. PITLYK  
UNITED STATES DISTRICT JUDGE